IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| COURTNEY BOYD, #208921, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 2:07-CV-672-MEF |
| | ) [WO] |
| | ) |
| GWENDOLYN MOSLEY, et al., | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Courtney Boyd ["Boyd"], a state inmate presently incarcerated at the Easterling Correctional Facility, on July 23, 2007.[1]  In this petition, Boyd challenges a conviction for first degree robbery imposed upon him by the Circuit Court of Montgomery County, Alabama on November 18, 1999.

**DISCUSSION**

A review of the records of this court indicates that Boyd filed a previous habeas petition pursuant to the provisions of 28 U.S.C. § 2254 challenging the robbery conviction imposed upon him by the Circuit Court of Montgomery County in November of 1999. *Boyd*

---

[1] Although the Clerk of this court stamped the present petition "filed" on July 25, 2007, Boyd signed the petition on July 23, 2007. *Petition for Writ of Habeas Corpus - Court Doc. No. 1* at 7. The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Boyd] signed it....." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers July 23, 2007 as the date of filing.

*v. Thomas, et al.*, Case No. 2:01-CV-1081-WHA (M.D. Ala. 2003). In the prior habeas action, this court denied Boyd relief from his Montgomery County robbery conviction. On June 24, 2003, the Eleventh Circuit Court of Appeals affirmed this court's denial of Boyd's previous habeas petition. *Id. - Court Doc. No. 75.*

Pursuant to the provisions of 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C). It is clear from the pleadings filed by Boyd that he has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. "Because this undertaking [is Boyd's] second habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the present petition for habeas corpus relief is due to be denied and this case summarily dismissed. *Id*. at 934.

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. The 28 U.S.C. § 2254 petition for habeas corpus relief filed by filed by Courtney Boyd on July 23, 2007 be DENIED.

2. This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as Boyd has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.[2]

It is further

ORDERED that on or before August 9, 2007 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the

---

[2]The court notes that any § 2254 petition filed by the petitioner is likewise subject to the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1).  Moreover, the court finds that there are no circumstances present in this case which "would entitle [Boyd] in the interest of justice to transfer [pursuant to 28 U.S.C. § 1631] or stay ... because the limitations period had already expired before he filed" the instant habeas action.  *Guenther v. Holt*, 173 F.3d 1328, 1330-1331 (11th Cir. 1999).

District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 27th day of July, 2007.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE